# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EDWARD CALDWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action File No. 2:24-cv-00148-JHE |
| EVERNEST, LLC, et al., | ) ) |
| Defendants | ) ) |

## ANSWER OF EVERNEST HOLDINGS, LLC

Pursuant to rule 8 of the Federal Rules of Civil Procedure, Defendant Evernest Holdings, LLC (formerly known as Evernest, LLC), answers Plaintiff's Complaint (Doc. 1-1), as follows:

## PARTIES

1. – 4. Upon information and belief, admitted.

5. – 6. Evernest lacks sufficient information to admit or deny the allegations of Paragraphs 5 and 6 of the Complaint. Accordingly, it must deny them.

7.-9. Admitted as to the jurisdiction of the United States District Court for the Northern District of Alabama, Southern Division.

## **STATEMENT OF FACTS**

10. Evernest admits Caldwell contacted Evernest. Evernest lacks sufficient information to admit or deny the remainder of the allegations of paragraph 10 of the Complaint.

11. Admit.

12. – 18. Denied.

19. Admit.

20. Evernest lacks sufficient information to admit or deny the allegations of paragraph 20 of the Complaint. Accordingly, it must deny them.

21. – 22. Admit.

23. Evernest admits that the tenant in the Caldwell property failed to pay rent. Evernest denies the remainder of the allegations of paragraph 23 of the Complaint.

24. Evernest admits the property required additional repairs. Evernest denies the remainder of the allegations of paragraph 24 of the Complaint.

25. Admit.

26. Evernest lacks sufficient information to admit or deny the allegations of paragraph 26 of the Complaint. Evernest denies the remainder of the allegations of paragraph 26 of the Complaint.

27. Evernest admits the roof needed repairs.

28. Denied.

29. Admit.

30.-31. Admit.

32. Denied.

33. Denied.

34. Denied.

35. Admit.

36.- 43. Evernest lacks sufficient information to admit or deny the allegations of paragraphs 36 through 43 of the Complaint, inclusive.  Accordingly it must deny same.

### COUNT I: Breach of Contract: Property Management

44. Evernest adopts and incorporates its responses to paragraphs 1 through 43 of the complaint, inclusive, as if fully stated herein.

45. Admit.

46. – 49. Denied.

### COUNT II: Breach of Contract: Roof Installation

50. Evernest adopts and incorporates its responses to paragraphs 1 through 49 of the complaint, inclusive, as if fully stated herein.

51. – 55. No allegations are made against Evernest; accordingly, no response is due to them.  To the extent a response is deemed required, denied.

### COUNT III: Breach of Fiduciary Duty

56.   Evernest adopts and incorporates its responses to paragraphs 1 through 55 of the complaint, inclusive, as if fully stated herein.

57. – 61.   Denied.

### COUNT IV: Conversion

62.   Evernest adopts and incorporates its responses to paragraphs 1 through 61 of the complaint, inclusive, as if fully stated herein.

63. – 66.   Denied.

### COUNT V: Fraud

67.   Evernest adopts and incorporates its responses to paragraphs 1 through 66 of the complaint, inclusive, as if fully stated herein.

68. – 73.   Denied.

74.   Evernest admits Plaintiff seeks the amount alleged but denies that it is liable to Plaintiff, for any amount, of whatever nature.

### Demand for Relief

Evernest denies it is liable to Plaintiff for any of amount, of whatever nature, alleged in paragraphs A through D of the Complaint, inclusive.

# ADDITIONAL DEFENSES

### Affirmative Defense (1)

Some or all of Plaintiff's claims fail to state a claim against Evernest upon which relief can be granted.

### Affirmative Defense (2)

Plaintiff is not entitled to any judgment against Evernest, and Plaintiff is not entitled to recover any damages, interest, costs, attorney's fees, or any other relief whatsoever from Evernest.

### Affirmative Defense (3)

To the extent that Plaintiff has suffered any legally cognizable damage or injury, such damage or injury was caused by, and is the responsibility of, individuals and/or entities other than Evernest or its employees.

### Affirmative Defense (4)

Some or all of Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate, avoid, or otherwise reduce his damages or injuries, if any.

### Affirmative Defense (5)

Some or all of Plaintiff's claims are barred by the doctrines of consent, justification, privilege, waiver, unclean hands, acquiescence, release, ratification, and mistake.

**Affirmative Defense (6)**

Plaintiff's suppression claims are barred because Evernest and its employees did not suppress or conceal any material facts from plaintiff.

**Affirmative Defense (7)**

Plaintiff's suppression claims are barred because Plaintiff was not induced to act or not to act as a result of any suppression or concealment by Evernest or its employees.

**Affirmative Defense (8)**

Evernest asserts that an award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Alabama.

**Affirmative Defense (9)**

Evernest denies it or its employees engaged in any conduct entitling Plaintiff to recover punitive damages.

**Affirmative Defense (10)**

Plaintiff is not entitled to recover punitive damages under the standards set forth in sections 6-11-20 and 6-11-27 of the *Alabama Code*.

**Affirmative Defense (11)**

In the event a jury awards Plaintiff punitive damages, such an award is subject to the cap stated in section 6-11-21 of the Alabama Code.

Evernest reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the allegations in the complaint have not been expressly admitted or denied, they are hereby denied and strict proof of each such allegation is hereby demanded.

Respectfully submitted this 13th day of February, 2024.

/s/ Stacy L. Moon
Stacy L. Moon (ASB-6468-i72s)
Jeremy W. Richter (ASB-2572-h93f)
*Defendants Evernest Holdings, LLC (formerly known as Evernest, LLC), Justin Jones, and Jameson Gann*

OF COUNSEL:
GORDON REES SCULLY
MANSUKHANI, LLP
420 20th Street N, Suite 2200
Birmingham, AL 35203
(205) 980-8200
smoon@grsm.com
jrichter@grsm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2024, the foregoing document was served on counsel of record, listed below, via email:

Damon R, Ryals
The Ryals Law Firm, PC
217 Country Club Park
Suite 434
Birmingham, AL  35213
damonryals@ryalslawfirm.com
205-835-2018


And on the following by U.S. Mail, postage pre-paid:

Lipscomb Construction Service, LLC
c/o Justin D. Lipscomb
117 Red Lane Circle
Birmingham, AL  35215

                                          /s/ *Stacy L. Moon*
                                          Stacy L. Moon