## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**EDWARD CALDWELL,**

    **Plaintiff,**

**v.**

    **Case No.: 2:24-cv-148-HDM**

**EVERNEST LLC,** *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

Plaintiff Edward Caldwell sues five defendants based on a dispute involving an investment property in Fairfield, Alabama. (Doc. 37). The operative pleading in this matter is Caldwell's Amended Complaint, which names five defendants, including Lipscomb Construction Services, LLC ("Lipscomb Construction"), and Justin Lipscomb individually. *Id.*, ¶¶ 5–6. After careful review of the record and applicable law, the court finds that all claims against Justin Lipscomb and Lipscomb Construction are due to be **DISMISSED WITHOUT PREJUDICE** for Caldwell's failure to prosecute.

## BACKGROUND

Caldwell, acting with the assistance of counsel, commenced this action in the Circuit Court of Jefferson County, Alabama, on December 28, 2023, naming

Evernest LLC ("Evernest"), Justin Jones, Jameson Gann, and Lipscomb Construction as defendants.[1] (Doc. 1-1, ¶¶ 2–5). The original Complaint does not name Justin Lipscomb as a defendant in his individual capacity.[2] (*See generally* doc. 1-1). On February 7, 2024, Evernest, Jones, and Gann removed the case to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, (doc. 1, ¶ 9), and, six days later, they answered Caldwell's Complaint, (docs. 3, 4). As of May 14, 2024, there was no indication that Caldwell had served Lipscomb Construction and the court entered Show Cause Order #1, which required him to explain why his claims against that defendant should not be dismissed for failure to prosecute. (Doc. 7 at 2). Caldwell timely filed his reply, in which he explained his attempts to serve Lipscomb Construction by certified mail and direct communication with Justin Lipscomb. (Doc. 10, ¶ 4.) Caldwell requested an additional forty-five days to serve Lipscomb Construction, *id.*, ¶ 3, which the court granted, setting a new deadline for service of July 12, 2024, (doc. 11).

On July 15, 2024, three days after the extended deadline for service, Caldwell moved the court for another extension. (Doc. 14). He reiterated his claims that he

---

[1] Both the original Complaint and the Amended Complaint also name "Defendants A-Z" as defendants, (doc. 1-1, ¶ 6; doc. 37, ¶ 7), but fictitious party practice is not permitted in federal court, *see, e.g.*, *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

[2] Caldwell alleges that Justin Lipscomb is the owner of Lipscomb Construction, (doc. 37, ¶ 40), but, even if true, the two are distinct for legal purposes, *see, e.g.*, *Zatta v. SCI Tech. Inc.*, No. 5:21-cv-1707, 2023 WL 11199375, at *6 (N.D. Ala. Apr. 26, 2023).

had attempted to serve Lipscomb Construction by first-class mail, email, and direct contact with Justin Lipscomb. *Id.*, ¶¶ 2–4. The court, again, granted the extension and ordered Caldwell to serve Lipscomb Construction on or before July 29, 2024. (Doc. 15). On August 13, 2024, more than two weeks after this deadline, with no word from Caldwell, the court entered Show Cause Order #2, requiring him to explain why his claims against Lipscomb Construction should not be dismissed for failure to prosecute. (Doc. 17). Although the record of this case does not reflect that Caldwell ever formally responded to this order, on August 27, 2024, he finally filed proof of service of process on Lipscomb Construction. (Doc. 18). After Lipscomb Construction failed to answer or otherwise respond following this service, the court entered Show Cause Order #3, which required Caldwell to explain his failure to seek an entry of default. (Doc. 19). Although he had ostensibly served Lipscomb Construction, (doc. 18), in his response to Show Cause Order #3, Caldwell tacitly conceded that the July 29th "service of process" was somehow invalid, (doc. 20). The court once again extended the deadline for Caldwell to perfect service, (doc. 21), which he did on October 31, 2024, (doc. 23).

Because Lipscomb Construction was served on October 31st, its responsive pleading was due on or before November 21, 2024, *see* Fed. R. Civ. P. 12(a)(1)(A)(i), but it neither answered nor otherwise responded. On November 22nd, the court entered Show Cause Order #4, requiring Caldwell to explain why his

claims against Lipscomb Construction should not be dismissed for failure to prosecute. (Doc. 24). Caldwell never responded to this order, but, on December 20, 2024, he moved for a default judgment—not a clerk's entry of default—against Lipscomb Construction. (Doc. 29).

Before the court ruled on his motion for default judgment, Caldwell sought the court's leave to amend his Complaint for the express purpose of "add[ing] as additional Defendant, Justin Lipscomb, alter ego of the Defendant Lipscomb Construction Services, LLC." (Doc. 34 at 1). The court granted Caldwell's motion to amend, (doc. 36), and denied his motion for default judgment against Lipscomb Construction on the basis that it was "procedurally improper because [he] failed to first seek a clerk's entry of default," (doc. 38 (citing Fed. R. Civ. P. 55(a)). Caldwell filed his Amended Complaint naming Justin Lipscomb as a defendant on April 14, 2025, (doc. 37), and was required to serve him on or before July 14, 2025,[3] Fed. R. Civ. P. 4(c)(1), 4(m). The record of this case shows that he did not do so, nor did Lipscomb Construction respond to the Amended Complaint, just as it had failed to respond to the original Complaint

On February 19, 2026, this court entered Show Cause Order #5, requiring Caldwell to show cause on or before March 5, 2026, why his claims against Justin

---

[3] Plaintiffs must perfect service within ninety days of filing the complaint. Fed. R. Civ. P. 4(c)(1), 4(m). Ninety days after Caldwell filed his Amended Complaint, (doc. 37), was Sunday, July 13, 2025, so the deadline rolled over to the following day, Fed. R. Civ. P. 6(a)(1)(C).

Lipscomb and Lipscomb Construction should not be dismissed for failure to prosecute. (Doc. 46). Apparently motivated by this order, Caldwell finally served Justin Lipscomb on March 3, 2026, (doc. 49), and, two days later, responded to the court's February 19th order to show cause. In that response, Caldwell states that he had an inaccurate address for Lipscomb and "an error with its process server," (doc. 51, ¶¶ 3–4), but he also admits that the delay is ultimately attributable to his counsel mis-calendaring the dates to follow up on these errors, *id.*, ¶ 4.

## ANALYSIS

The court finds that, in his response to Show Cause Order #5, (doc. 51), Caldwell has failed to show good cause for his failure to diligently prosecute his claims against Lipscomb Construction and Justin Lipscomb.

A. <u>Lipscomb Construction Services</u>

Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to prosecute . . . , a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Although the plain language of this rule seems to require that the defendant move for a dismissal for failure to prosecute, *see id.*, federal courts have long held that they may *sua sponte* dismiss a claim under Rule 41 as part of their inherent power to manage their own dockets, *see, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d

1333, 1337 (11th Cir. 2005); *Pearson v. Brooks*, No. 2:25-cv-1014, 2026 WL 222530, at *1 (M.D. Ala. Jan. 28, 2026) ("The authority of courts to impose sanctions for . . . failure to prosecute is longstanding and acknowledged by Rule 41(b) . . .").

As this case's record makes clear, Caldwell experienced considerable difficulties serving Lipscomb Construction, (docs. 7, 10, 11, 15, 17, 19, 20, 21), but he persisted and ultimately succeeded on October 31, 2024, nearly seventeen months ago, (doc. 23). After the drawn-out process of accomplishing this service, it would be reasonable to assume that getting an answer or other responsive pleading from Lipscomb Construction would be a top priority for Caldwell in order to move this case along to the merits. However, after Lipscomb Construction was served on October 31, 2024, its deadline to answer or otherwise respond came and went without any filing, and the court was again obliged to order Caldwell to show cause why his claims should not be dismissed for want of prosecution. (Doc. 24). Despite the considerable patience extended to him as he attempted to serve Lipscomb Construction, **Caldwell never responded to this order,** not even with a token response to try to justify the delay: a clear order from the court, *id.*, and nothing from Caldwell. The next time Caldwell filed anything related to Lipscomb Construction was his Motion for Default Judgment, (doc. 29), which the court denied on May 6, 2025, because he did not first seek a clerk's entry of default, (doc. 38). The court did

6

not discourage Caldwell from seeking default and, indeed, plainly explained the necessary procedural steps. *See id.* Since then, Caldwell has given no further indication that he is attempting to prosecute his claims against Lipscomb Construction, and, when the court ordered him to show cause why such claims should not be dismissed, (doc. 46), his only response was to state that he put the wrong date on his calendar, (doc. 51, ¶ 4).

Thus, in the nearly seventeen months since Lipscomb Construction was served, (1) it has never filed an answer or responsive pleading to the original Complaint or the Amended Complaint, (2) Caldwell has never sought a clerk's entry of default, (3) Caldwell failed to respond to a clear order to show good cause for this delay (Show Cause Order #4 (doc. 24)), and (4) his response to Show Cause Order #5 makes clear that this delay was caused by simple negligent calendar management, (doc. 51, ¶ 4). For more than two years, Caldwell has had many chances to diligently prosecute his claims against Lipscomb Construction, but he has failed to do so. Accordingly, the court finds good cause to dismiss Caldwell's claims against Lipscomb Construction for failure to prosecute pursuant to Rule 41 and its own authority to manage its docket. Fed. R. Civ. P. 41(b); *Chambers*, 501 U.S. at 49.

A court may dismiss a case for failure to prosecute *with prejudice* only if (1) there is a clear record of delay or willful contempt and (2) lesser sanctions would not suffice. *Betty K Agencies, Ltd.*, 432 F.3d at 1337–38. Negligence is insufficient to

support a dismissal with prejudice, *Powell v. Siegal*, 447 F. App'x 92, 93 (11th Cir. 2011) (per curiam) (citation omitted), and "the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable," *Betty K Agencies, Ltd.*, 432 F.3d at 1338. Although the court feels that this is a close call in light of the history of the case summarized above, it will dismiss Caldwell's claims against Lipscomb Construction without prejudice. The pertinent conduct that warrants dismissal occurred after October 31, 2024, and, during that time, Caldwell only failed to respond to one order, which is insufficient to find a clear record of delay or willful conduct. *Id.* at 1337–38. Moreover, the response to Show Cause Order #5 makes clear that the delay is attributable to negligence by his counsel rather than Edward Caldwell personally, (doc. 51, ¶ 4), which cannot support a dismissal with prejudice, *Powell*, 447 F. App'x at 93.

### B. Justin Lipscomb

In civil lawsuits, it is the plaintiff's responsibility to serve the defendant, *see, e.g.*, Fed. R. Civ. P. 4(c)(1); *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1280–81 (11th Cir. 2007), and then demonstrate such service to the court, Fed. R. Civ. P. 4(l). Federal Rule of Civil Procedure 4 requires a plaintiff to perfect service within ninety days of filing the complaint, Fed. R. Civ. P. 4(c)(1), 4(m), but a court is required to extend this time if the plaintiff shows good cause for doing so,

Fed. R. Civ. P. 4(m).[4] "Good cause exists **only** when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service," *Lepone-Dempsey*, 476 F.3d at 1281 (internal quotation marks and brackets omitted) (emphasis added), and "a lawyer's negligence constitutes no 'good cause' for purposes of Rule 4," *Reis v. Comm'r of Soc. Sec.*, 710 F. App'x 828, 829 (11th Cir. 2017) (per curiam). If the defendant is not served within ninety days and the plaintiff fails to show good cause to explain the delay, "the court—on motion or on its own after notice to the plaintiff—**must** dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added). *See also Schupeta v. Gwinnett Cnty. Pub. Schs.*, No. 24-11976, 2026 WL 184483, at *1 (11th Cir. Jan. 23, 2026) (per curiam). It is immaterial whether the plaintiff ultimately accomplished service; if such service was late and there is no good cause to explain the delay, dismissal is proper. *See* Fed. R. Civ. P. 4(m); *Charles v. Bradshaw*, 782 Fed. App'x 991, 992 (11th Cir. 2019) (per curiam).

As set out more fully above, Caldwell's sole reason for amending the Complaint was to add Justin Lipscomb as a defendant, (doc. 34 at 1), and so the court would expect that perfecting service upon Lipscomb would be at the top of

---

[4] Rule 4 applies to amended complaints that add new defendants. *See, e.g.*, *Lindley v. City of Birmingham*, 452 F. App'x 878, 880 (11th Cir. 2011) (per curiam).

Caldwell's mind.[5] Caldwell had until July 14, 2025, to accomplish this service, but the record of this case does not demonstrate that he did. Indeed, Caldwell only served Lipscomb on March 3, 2026, (doc. 49), after the court raised the issue in Show Cause Order #5, (doc. 46). Caldwell attempted to explain this delay by stating that he had an inaccurate address and an "error with [the] process server," but he is also clear that the ultimate explanation is that his counsel simply lost track of the date to follow up on these issues, (doc. 51, ¶ 4). The court finds that this does not warrant excusing Caldwell's late service of Lipscomb because it is solely attributable to "a lawyer's negligence," *Reis*, 710 F. App'x at 829, rather than "some outside factor" that prevented service, *Lepone-Dempsey*, 476 F.3d at 1281. It is immaterial that Caldwell ultimately served Lipscomb because he only did so long after ninety days had passed and without good cause to explain the delay. *Charles*, 782 Fed. App'x at 992; Fed. R. Civ. P. 4(m).

Even if a plaintiff fails to show good cause for his failure to serve a defendant within ninety days, the Eleventh Circuit still requires this court to "consider whether

---

[5] Although Caldwell has previously represented to the court that Lipscomb is aware of the lawsuit, (doc. 34, ¶ 3), the Eleventh Circuit has held that "a defendant's actual notice does not 'cure defectively executed service.'" *Harris v. Fort Pierce Police Dep't*, No. 23-10727, 2023 WL 7153928, at *1 (11th Cir. Oct. 31, 2023) (per curiam) (quoting *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)). Formal service of process is not a mere technicality but a crucial step in securing jurisdiction over each defendant. *See, e.g.*, *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.").

any other circumstances warrant an extension of time based on the facts of the case."

*Lepone-Dempsey*, 476 F.3d at 1282. Circumstances that may warrant an extension of time include when the statute of limitations would prevent refiling or when the defendant evades service. *Bilal v. Geo Care LLC*, 981 F.3d 903, 919 (11th Cir. 2020). The court does not find any such extenuating circumstances here. Caldwell admits that the delay in service is attributable to his counsel's calendar error, (doc. 51, ¶ 4), rather than Lipscomb's evasion. The court also does not find a sufficient reason to extend the time to serve Lipscomb based on the running of a statute of limitations, for which the court looks to Alabama law, *Cambridge Mut. Fire Ins. Co. v. City of Claxton*, 720 F.2d 1230, 1232 (11th Cir. 1983). The court has considered Alabama's statues of limitations, Ala. Code §§ 6-2-31, *et seq.*, applicable to Caldwell's claims and finds that no such limitation warrants extending his time to serve Lipscomb. Moreover, even if any of his claims were barred, the Eleventh Circuit has held that this does not compel extension of the time to effect service in the absence of good cause, *see, e.g.*, *Vento v. Patel*, No. 23-11392, 2024 775142, at *3 (11th Cir. Feb. 26, 2024) (per curiam). Therefore, no extension is warranted here.

## CONCLUSION

For the reasons set forth above, the court **ORDERS** as follows:

1. All claims against Defendant Lipscomb Construction Services, LLC, are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) and the court's inherent authority for Caldwell's failure to prosecute.

2. All claims against Defendant Justin Lipscomb are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m) for Caldwell's failure to show good cause for his untimely service.

3. Counts One, Three, Four, and Five in Caldwell's Amended Complaint **SHALL** proceed against Defendants Evernest LLC, Justin Jones, and Jameson Gann. The court will set a telephonic status conference by separate order.

4. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum Opinion to Lipscomb Construction Services, LLC, and Justin Lipscomb at their addresses on file.

**DONE** and **ORDERED** on March 20, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE